IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Opal Boatley, | ) | Case No.: 6:21-cv-2281-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Kilolo Kijakazi, Acting Commissioner of Social Security Administration, | ) ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter is before the court for review of the December 7, 2021 Report and Recommendation of United States Magistrate Judge Kevin F. McDonald (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 30]. In the Report, the Magistrate Judge recommends the court dismiss the action without prejudice as barred by the statute of limitations. *Id.* Objections to the Report were due by December 21, 2021. *Id.* Defendant filed a timely reply to the Report, stating she did not intend to file objections. [ECF No. 32]. Plaintiff filed objections to the Report on January 6, 2022, outside the time period allowed for objections. [ECF No. 34]. In her objections, she claims she "NEVER RECEIVED A 1ST OR 2ND LETTER FROM YOU GUYS BECAUSE WE'VE HAD 3 DIFFERENT MAIL PEOPLE, ONE OF THEM WAS PUTTIN [sic] MAIL IN THE WRONG MAILBOX." *Id.* at 1. Out of an abundance of caution, the court interprets this as Plaintiff's representation that she did not receive the Report in a timely manner and considers her objections, despite their untimely filing. For the reasons outlined herein, the court respectfully declines to adopt the Report in its

entirety, recommits the matter to the Magistrate Judge, and orders the Commissioner to file an answer or otherwise plead within 30 days.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portion of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to explain its reasons for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). It must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-4009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-765-RBH, 2017 WL 4791150, at *1

(D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## DISCUSSION

The court must liberally construe pro se pleadings, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). Liberally construed, Plaintiff appears to assert in her objections to the Report that the Magistrate Judge erred in finding she filed the civil action several months out of time because she was only a few days late in filing it. [ECF No. 34 at 1].

Given the specificity of Plaintiff's objections, as liberally construed, the court reviews them *de novo*.

I. Timeliness of Filing

In the Report, the Magistrate Judge recommended the case be dismissed based on Plaintiff's failure to meet the 60-day statute of limitations in 42 U.S.C. § 405(g) for the filing of a civil action. [ECF No. 30]. Relying on the Notice of Appeals Council Action dated December 18, 2020, the Magistrate Judge "presumed" Plaintiff "received the notice on December 23, 2020," meaning the time period for filing a civil action "expired 60 days later on February 22, 2021." *Id.* at 3. He concluded Plaintiff filed the civil action on July 26, 2021, "several months after the expiration of the deadline," despite acknowledging her allegation in the complaint that she received the decision from the Appeals Council in May 2021. *Id.* He found Plaintiff's assertion that she was waiting on an attorney to respond to

3

her request for representation prior to filing the civil action did not present an extraordinary circumstance meriting equitable tolling of the statute of limitations. *Id.* at 4–6.

Plaintiff appears to argue the Magistrate Judge erred in presuming she received the Notice of Appeals Council Action in December 2020, as she claims she "WAS ONLY A FEW DAYS LATE WRITING MY LETTER." [ECF No. 34 at 1]. The undersigned interprets Plaintiff's assertion to be that she filed the civil action "ONLY A FEW DAYS" after the sixtieth day following her receipt of the Notice of Appeals Council Action in May 2021. Plaintiff reiterates her claim that she was delayed in filing the civil action because she was waiting on an attorney to return her call. *Id.*

A civil action must be filed in the district court "within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c) ("Any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause.").

The claimant is presumed to have received the notice of decision within five days after the date of the notice, "unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.10(c). The presumption may be overcome by affirmative evidence of receipt of the Appeals Council's notice more than five days after the date of the notice. *See McLaughlin v. Astrue*, 443 F. App'x 571, 574 (1st Cir. 2011) (accepting counsel's date stamp as rebutting the five-day receipt presumption where the plaintiff maintained she received the

4

Appeals Council's notice more than five days after its date, but could not establish exactly when she received it); *Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1356–58 (S.D. Ala. 2002) (finding presumption rebutted by claimant's affidavit and counsel's date-stamped letter indicating Appeals Council notice was received after the presumptive period). "If the plaintiff successfully rebuts the presumption, the burden shifts to the Commissioner to show that the plaintiff received actual notice of the Commissioner's decision more than sixty days prior to the filing of the complaint in district court." *Hunt v. Astrue*, C/A No. 1:10-141, 2012 WL 6761418, at *2 (M.D.N.C. Dec. 31, 2012) (citing *McMahan v. Barnhart*, 377 F. Supp. 2d 534, 535 (W.D. Va. 2005)).

Plaintiff makes several representations throughout the record that are relevant to the issue of when she received the Commissioner's final decision. In her complaint filed on July 26, 2021, Plaintiff asserted she received notice that the Commissioner's decision was final in "May 2021." [ECF No. 1 at 3]. However, she attached to the complaint a Notice of Appeals Council Action dated December 18, 2020. [ECF No. 1-1]. Plaintiff attached a letter to her complaint in which she claimed that after the Appeals Council denied her claim and her prior attorney declined to continue her representation, she contacted Social Security to inquire about filing in federal court, was told to write a letter and send it to a particular address, and did so in February 2021. [ECF No. 1-2]. She claims she followed up in April and May 2021 and was informed that "they have up to 15 months to make a decision." *Id.* She said she called again in June 2021 and was instructed to fill out forms, which she did to the best of her ability. *Id.*

5

Notwithstanding the court's special interrogatories requesting she reconcile these statements, Plaintiff declined to explain the discrepancies. *See* [ECF No. 20 at 1]. She subsequently filed a response to the court's order to show cause indicating she was late in filing the civil action because she was waiting on an attorney to review her case and get back to her. [ECF No. 28]. She noted she filed this action after speaking with someone at the Social Security office who instructed her to file it on her own. *Id.* She again admitted in her objections to the Report that she was "a few days late" in commencing a civil action. [ECF No. 34 at 1].

Plaintiff does not specify whether she sent the February 2021 letter to this court, the Appeals Council, or some other entity. If Plaintiff sent a letter requesting to file an action in this court in February 2021, it was not received and docketed, as a review of the court's Case Management/Electronic Case Filing ("CM/ECF") system reveals no other civil action in which Plaintiff is a party. It is possible that the letter Plaintiff sent in February 2021 was directed to the Appeals Council as a request for additional time to file a civil action. In her response to the court's special interrogatories, Plaintiff indicated she had not received an extension of time to file a request for court review. [ECF No. 20 at 2]. Thus, if Plaintiff filed a request with the Appeals Council to extend the time for federal court review in February 2021, either the Appeals Council denied her request or has not yet addressed it.

The evidence supports the Magistrate Judge's finding that Plaintiff failed to commence a claim in this court within 60 days after the mailing to her of notice of the Commissioner's final decision. As an initial matter, Plaintiff bore the burden of showing she failed to receive the Notice of Appeals Council Action within five days of its issuance

date. Other courts have found this burden to be satisfied through plaintiffs' filings of affidavits asserting they received notice more than five days after the Appeals Council issued the notice, generally in combination with other evidence. *See McLaughlin*, 443 F. App'x at 574; *Pettway*, 233 F. Supp. 2d at 1356–58. Although Plaintiff indicated in her complaint that she received the Notice of Appeals Council Action in May 2021, she did not file a verified complaint, failed to specify exactly when she received the notice, provided no affidavit, and offered no other evidence supporting her assertion that she failed to receive the notice within five days of its issuance. Therefore, Plaintiff has failed to meet the burden to show she failed to receive the Notice of Appeals Council Action within five days of December 18, 2020.

Even if Plaintiff did not actually receive a copy of the Notice of Appeals Council Action until May 2021, she admits she had constructive notice of the Appeals Council's denial by February 2021 because she spoke to her former attorney, contacted Social Security to find out how to file in federal court, and sent a letter in February 2021. In *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003), the court held that "notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period." The court noted: "This approach is most consistent with section 405(g), with the regulations interpreting section 405(g), and with *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92–93, 111 S. Ct. 453, 112 L. Ed. 2d. 435 (1990), in which the Supreme Court held that the time for filing a Title VII suit under 42 U.S.C. § 2000e–16(c) runs from the claimant's or the claimant's attorney's receipt of an Equal Employment Opportunity Commission (EEOC) letter, whichever comes first." *Id.* Although the Eighth

7

Circuit's decision in *Bess* did not create precedent binding on this court, the court finds its explanation persuasive.

Were the court to excuse Plaintiff's constructive notice of the Commissioner's decision as insufficient and accept her assertion that she did not receive the Notice of Appeals Council Action until May 2021, her argument still fails because she admits she filed the civil action "A FEW DAYS LATE." *See* [ECF No. 34 at 1]. Courts have consistently dismissed civil actions brought pursuant to § 405(g) and filed outside the period of limitations where the plaintiffs filed them one or more days late. *See Cook v. Commissioner of Social Security*, 480 F.3d 432, 437 (6th Cir. 2007) (finding the civil action was not timely filed where the plaintiff filed it one day after the 60-day limitations period); *Grant v. Berryhill*, 695 Fed. App'x 592, 594 (concluding the plaintiff's complaint was untimely filed where the last day to file a complaint seeking judicial review of the Commissioner's determination was September 24, 2015, and plaintiff filed his complaint on September 28, 2015); *Williams v. Commissioner, Social Security Administration*, 664 Fed. App'x 763, 765 (11th Cir. 2016) (determining the plaintiff failed to comply with the statute of limitations where the 60-day deadline expired on November 19, 2014, and she filed the civil action on November 21, 2014). Thus, Plaintiff's admission that she filed her claim a few days after the 60-day deadline supports the Magistrate Judge's conclusion that the civil action was filed outside the limitations period.

To the extent Plaintiff reasserts her argument that the period of limitations should be equitably tolled because she delayed her filing of a civil action as she awaited a response from an attorney, the court agrees with the Magistrate Judge that she has not presented

8

exceptional circumstances to justify equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin*, 498 U.S. at 96). In *Irwin*, 498 U.S. at 96, the court explained that "principles of equitable tolling . . . do not extend to . . . garden variety claim[s] of excusable neglect," such as "late filings where the claimant failed to exercise due diligence in preserving his legal rights." Thus, the court may only equitably toll the 60-day filing deadline rarely and under exceptional circumstances. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (stating "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes"); *Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir. 1986) (recognizing "waiver of the exhaustion requirement and tolling of the period of limitations will rarely be appropriate").

As the Magistrate Judge noted, Plaintiff failed to file a civil action within the limitations period, despite her admission that she was aware of the limited period to file. Plaintiff has not effectively argued that she was pursuing her rights diligently or that some extraordinary circumstance stood in her way. Accordingly, Plaintiff's objection is overruled.

## II.     Clear Error

Having reviewed Plaintiff's specific objections *de novo*, the court considers the remainder of the Report for clear error. *Workman v. Perry*, C/A No. 6:17-765-RBH, 2017

9

WL 4791150, at *1 (D.S.C. Oct. 23, 2017) (citing *Diamond*, 416 F.3d at 315, *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47). Such review compels the court to decline to accept the recommendation at this time.

A review of the docket reveals that after issuing multiple proper form orders, special interrogatories, and an order to show cause, the Magistrate Judge recommended the case be dismissed on the aforementioned grounds. *See* [ECF Nos. 8, 10, 16, 25, 30]. The Magistrate Judge recommended summary dismissal based on the allegations in the complaint prior to the deadline for filing of the Commissioner's answer. *See* [ECF No. 4 (noting "Answer due from Commissioner of Social Security Administration on 1/24/2022")]. Because the Commissioner did not file a motion to dismiss prior to issuance of the Report, she did not assert any affirmative defenses.

The Supreme Court has interpreted the 60-day requirement in 42 U.S.C. § 405(g) as "not jurisdictional, but rather [to] constitute[ ] a period of limitations" and as "a condition on the waiver of sovereign immunity" that "must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 478, 479 (1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975)). Thus, it appears the 60-day "period of limitations" is akin to a statute of limitations and serves as an affirmative defense.

The Fourth Circuit has stated "as a general matter, the defense of limitations must be raised by an affirmative defense presented in the answer or an amendment to the answer or it will be forfeited.'" *Woodson v. Allstate Ins. Co.*, 855 F.3d 628, 635 (4th Cir. 2017). In *Wilcox v. Brown*, 877 F.3d 161, 167 (4th Cir. 2017), the court, held the district court erred in dismissing a prisoner's § 1983 claim at the pleadings stage for failure to affirmatively

plead that he exhausted administrative remedies. Citing *Jones v. Bock*, 549 U.S. 199, 216 (2007), the court noted "failure-to-exhaust is an affirmative defense that must be raised by the defendant." *Id.*

Out of an abundance of caution, the court declines to accept the Report because it recommends dismissal based on an affirmative defense that was not raised by the Commissioner. The Fourth Circuit's decisions in *Woodson* and *Wilcox* suggest a court may err in dismissing an action based on an affirmative defense that has not been raised by the defendant, as failure to raise an affirmative defense will result in its waiver. Because the Report was issued prior to the Commissioner's deadline to file an answer or otherwise plead, the Commissioner did not have ample time to raise defenses to the action.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record in this case, the court respectfully declines to adopt the Report, ECF No. 30, and recommits the matter to the Magistrate Judge. The Commissioner is ordered to file an answer to the complaint or otherwise plead within 30 days.

**IT IS SO ORDERED.**

July 29, 2022                                          /s/ Sherri A. Lydon
Columbia, South Carolina                    United States District Judge