IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Opal Boatley, ) | Case No.: 6:21-cv-2281-SAL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Kilolo Kijakazi, Acting Commissioner of ) | **OPINION AND ORDER** |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald ("Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 46.]

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Opal Boatley ("Plaintiff"), proceeding pro se, filed her complaint pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Kilolo Kijakazi, as Acting Commissioner of Social Security Administration ("Commissioner"), moved to dismiss Plaintiff's complaint on the ground she did not timely commence the action. [ECF No. 39.]

The Magistrate Judge issued the Report recommending this court grant the Commissioner's motion and dismiss Plaintiff's complaint as untimely filed. [ECF No. 46.] The Report attached a notice of right to file objections to the report and recommendation. *Id.* Plaintiff filed an objection, ECF No. 49,[1] and the matter is now ripe for consideration.

---

[1] The deadline to file objections was November 14, 2022. [ECF No. 46.] Plaintiff did not file her objection until November 28, but her objection was postmarked November 8, 2022. [ECF

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify the Report, in whole or in part. *See* 28 U.S.C. § 636(b)(1). Without specific objections to portions of the Report, the court need not provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-4009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2. It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections … this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

**DISCUSSION**

The court must liberally construe pro se pleadings, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). Construing Plaintiff's objection as liberally as possible, Plaintiff

No. 49-1.] The court thus considers Plaintiff's objection as if it were timely filed.

objects to the Report's failure to find the deadline to file the civil action was equitably tolled because she was out of state attending her sister's funeral at the time the deadline expired. [ECF No. 49; *see also* ECF No. 42.] The court reviews this objection de novo.

A claimant has sixty days after receiving a notice of decision to file a civil action in the district court. 42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c). The claimant is presumed to have received the notice of decision within five days after the date of the notice "unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.10(c). Affirmative evidence of receipt of the Appeals Council's notice more than five days after the date of the notice is generally sufficient to overcome this presumption. *See McLaughlin v. Astrue*, 443 F. App'x 571, 574 (1st Cir. 2011) (accepting counsel's date stamp as rebutting the five-day receipt presumption); *Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1356–58 (S.D. Ala. 2002) (claimant's affidavit and counsel's date-stamped letter suggested claimant received Appeals Council notice after the presumptive period). "If the plaintiff successfully rebuts the presumption, the burden shifts to the Commissioner to show that the plaintiff received actual notice of the Commissioner's decision more than sixty days prior to the filing of the complaint in district court." *Hunt v. Astrue*, C/A No. 1:10-141, 2012 WL 6761418, at *2 (M.D.N.C. Dec. 31, 2012) (citation omitted).

The Report recommends the court dismiss Plaintiff's complaint because she failed to timely commence a civil action as required by 42 U.S.C. § 405(g). [ECF No. 46.] The Notice of Appeals Council Action is dated December 18, 2020, and, Plaintiff is presumed to have received the notice five days later, on December 23, 2020. *Id.* at 3-4. She was thus required to file a civil action no later than February 22, 2021, which is sixty days after she presumably received the notice. *Id.* at 3–4. But Plaintiff did not file the civil action until July 26, 2021, which is "several months after the expiration of the deadline." *Id.* at 4. Although Plaintiff alleges she did not

3

receive the notice until May 2021 [ECF No. 1 at 3], she must "make a reasonable showing" that she received the notice outside the presumptive period. [ECF No. 46 at 4.] The Report concluded she did not. *Id.*

The Report also concludes Plaintiff failed to provide exceptional circumstances sufficient to justify equitable tolling. *Id.* Specifically, Plaintiff's prior responses suggest she was aware of the sixty-day deadline but was waiting to hear from a lawyer regarding legal representation. *Id.* Plaintiff's prior response also states she requested an update from the lawyer because she was aware the deadline was approaching. *Id.* Noting Plaintiff failed to "provide any additional explanation for delaying the initiation of this matter," the Report concludes that equitable tolling is not appropriate. *Id.* at 4-5.

The Report thus recommends the court grant the Commissioner's motion to dismiss. *Id.* at 5. Plaintiff objects, stating that she was out of the state attending to her sister's funeral and could not return to South Carolina until two days after the sixty-day deadline to file a civil action expired. [ECF No. 49.]

Plaintiff's objection does not constitute a "reasonable showing" that she received the notice after the presumptive period. Despite claiming to have not received the notice until May 2021, she attached to her complaint a notice of appeals council action dated December 18, 2021. [ECF No. 1-1.] She also attached a letter in which she claims to have sent a letter to an unidentified address concerning the Appeals Council's denial in February 2021. [ECF No. 1-2.] Though the court issued special interrogatories requesting Plaintiff reconcile these discrepancies, she declined to do so. [ECF No. 20 at 1.] And she conceded in previous filings that she was "not on time responding to this" and was "a few days late writing [her] letter" because she was waiting on a lawyer to get back to her about her case. [ECF Nos. 28, 34.] Finally, Plaintiff's more recent representations—including her objection to the Report—do not provide any greater

4

clarity. They simply state she was in Kentucky to attend her sister's funeral at the time she received the letter. [ECF Nos. 42 (when she returned to South Carolina "the letter had been at my residence for a week after it was sent out"), 49 (claiming she returned from Kentucky "2 days after [she] received the first late").]

The court thus agrees with the Report's conclusion that Plaintiff's civil action is untimely. Plaintiff's representations to the court as to when she received the Commissioner's final decision are ambiguous and inconsistent, and she does not make a "reasonable showing" that she received the Commissioner's final decision outside the presumptive period. Because Plaintiff presumptively received the Appeals Council's decision on December 23, 2020, she had to file an action in this court by February 22, 2021. She did not do so.

The court also agrees Plaintiff has not presented exceptional circumstances necessary to justify equitable tolling. Equitable tolling is only appropriate under "exceptional circumstances." *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir. 1986). A litigant seeking equitable tolling must establish "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is not appropriate in "garden variety claim[s] of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96.

As the Report notes, Plaintiff was aware of the limitations period to file a civil action. She nonetheless failed to file a civil action within that period. And while Plaintiff's sister's death *could* constitute an exceptional circumstance permitting equitable tolling, Plaintiff's claim that she returned from Kentucky two days after the deadline for filing the civil action does not explain her five-month delay in filing the civil action. Plaintiff has not shown she was pursuing her rights diligently or that some extraordinary circumstance prevented her from filing within a

few days of her return from her sister's burial. The court thus declines to find that Plaintiff's objection provides sufficient grounds for equitable tolling.

The court therefore adopts the Report's recommendation that the Commissioner's motion to dismiss be granted and Plaintiff's complaint be dismissed.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record in accordance with the above standard, the court adopts the Report, ECF No. 46, and incorporates the Report by reference herein. As a result, the court **GRANTS** the Commissioner's motion to dismiss and **DISMISSES** Plaintiff's complaint.

IT IS SO ORDERED.

January 18, 2023                             /s/ Sherri A. Lydon
Columbia, South Carolina                United States District Judge


## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.